UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ADESEWA TOLULOPE CARROLL )<br>1274 Eton Way, )<br>Avon, IN 46123 )<br>)<br>)<br>Plaintiff ) | Civil Action No. 1:25-cv-2289 |
| )<br>v. )<br>)<br>KRISTI NOEM, in her official capacity, )<br>Secretary, U.S. Department of Homeland )<br>Security; )<br>JOSEPH B. EDLOW, in his official capacity, )<br>Acting Director, U.S. Citizenship and )<br>Immigration Services; )<br>2707 Martin Luther King Jr. Ave, SE )<br>Washington, DC 20528-0485 )<br>PAM BONDI, in her official capacity, )<br>Attorney General, Office of Attorney General, )<br>U.S. Department of Justice; )<br>950 Pennsylvania Avenue, NW )<br>Washington, DC 20530-0001 )<br>)<br>Defendant(s). )<br>)<br>)<br>_____) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Suite 630, Rolling Meadows, IL 60008, Ph: (312) 767-9030, Facsimile: (312) 767-9030, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COMES NOW ADESEWA TOLULOPE CARROLL, (hereinafter "Plaintiff CARROLL" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff CARROLL is the applicant of a pending Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant (hereinafter "VAWA Petition")[1] and Form I-485, Application to Register Permanent Residence or Adjust Status.

2. On October 13, 2020, Plaintiff lawfully filed a self-petition with the United States Citizenship and Immigration Service ("USCIS") on account of her being the victim of abuse and extreme cruelty by her former U.S. Citizen Spouse

3. Concurrently with the aforementioned Petition, Plaintiff CARROLL timely, completely, and lawfully filed Form I-485 Application to Register Permanent Residence or Adjust Status to apply for permanent resident status.

4. This action is brought as a result of Defendants' failure to adjudicate Plaintiff CARROLL's Form I-360, VAWA Petition, and Form I-485, Application to Register Permanent Residence or Adjust Status, (collectively "respective Forms") within a reasonable period of time.

5. Plaintiff CARROLL's Form I-360 has been in pending status since October 13, 2020, for a period of over five years (over 60 months or 1851 days), which is almost five and half times

---

[1] On September 13, 1994, President Clinton signed the Violence Against Women Act into law as a part of a larger crime bill entitled the Violent Crime Control and Enforcement Act of 1994. VAWA provides funding and technical support, as well as important legal protections, to victims of domestic violence, sexual assault and stalking. *See* VAWA 1994, Pub. L. 103-322, Title IV, Sept. 19, 1994, *amended by* the Battered Immigrant Woman Protection Act of 2000, Pub. L. 106-386, Oct. 28, 2000, the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, Jan. 5, 2006, and the Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4, Mar. 7, 2013. The immigrant provisions of VAWA, and the regulations promulgated to interpret and enforce those provisions, provide legal remedies that permit victims of domestic violence to legalize their status independent of their abusers. *See* 8 U.S.C. §§ 1154(a)(1)(A)(iii) and 1154(a)(1)(A)(iv). VAWA was intended to protect immigrant survivors from adverse immigration consequences associated with leaving their abusive U.S. citizen or lawful permanent resident family member.

over the historical average processing time for similar filings made in 2020[2]. Plaintiff's Form I-485 Application has been in pending status since October 13, 2020, for a period for over five years (over 60 months or 1851 days), which is almost six and half times the historical average processing time for similar filings made in 2020[3]. Plaintiff has a clear right to the adjudication of her respective Forms within a timely manner. The final adjudication of her respective Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6.  Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff CARROLL's respective Forms.

**PARTIES**

5. Plaintiff ADESEWA TOLULOPE CARROLL is a citizen of Nigeria and for purposes of the instant action she is a resident of Hendricks County, Indiana. Plaintiff CARROLL is the applicant of a properly filed Form I-485, Application for Adjustment of Status, and also Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant.

6. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt
[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

7. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10. Venue is proper in the District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides, and no real property is involved in the instant case.

## EXHAUSTION OF REMEDIES

11. The Plaintiff has repeatedly requested the Defendants to make a final decision on her respective Forms. Furthermore, Plaintiff has initiated numerous inquiries with USCIS directly, all to no avail.

12. The Plaintiff has exhausted her administrative remedies. The Plaintiff has supplied USCIS with documents that establish her eligibility for the approval of her respective Forms.

13. There are no further administrative remedies available for Plaintiff CARROLL to utilize.

## FACTUAL ALLEGATIONS

14. On October 13, 2020, Plaintiff CARROLL filed Form I-360, Petition for Amerasian, Widower, or Special Immigrant, naming herself as a beneficiary (Receipt# EAC2102050762) with USCIS. **[EXHIBIT A].**

15. Concurrently with the aforementioned Petition, Plaintiff CARROLL properly filed Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS (Receipt# EAC2102050779). **[EXHIBIT B].**

16. On March 8, 2021, Defendants issued a receipt notice informing Plaintiff CARROLL that they would be able to reuse her previously captured fingerprints and other biometrics. Accordingly, Plaintiff would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT C].**

17. Plaintiff's respective Forms continue to be pending with USCIS for an unreasonably long period of time.

18. Plaintiff CARROLL has made numerous inquiries over the past five years (over 60 months or 1851 days) since the filing of her respective Forms, with USCIS, requesting a final adjudication of both the Form I-360 Petition and Form I-485 Application.

19. Plaintiff's inquiries have not resulted in any meaningful responses from USCIS.

20. Plaintiff's respective Forms now continue to be pending with USCIS for over five years (over 60 months or 1851 days) since the filing of Plaintiff CARROLL's Form I-360 Petition and Form I-485, Application.

21. USCIS has published a historical average processing time in 2020 of 11.4 months for the adjudication of Form I-360. Plaintiff CARROLL's Petition has been pending for over 60 months, which is almost five and half times the historical average processing time as reported by USCIS.[4]

22. Furthermore, USCIS has published a historical average processing time in 2020 of 9.3 months for the adjudication of Form I-485. Plaintiff's Application has been pending for over 60 months, which is almost six and half times the historical average processing time as reported by USCIS.[5] Defendants have refused to provide any further explanation that would justify the need for over 60 months for the adjudication of Plaintiff's respective Forms.

23. Plaintiff has endured significant financial and emotional burdens because of the unreasonable period of time that her respective Forms have remained without a final adjudication.

24. Plaintiff CARROLL has been deprived of the opportunity to have accumulated sufficient time as permanent resident to become a U.S. citizen.

25. Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff's respective Forms within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA - FORM I-360 and I-485

26. All prior paragraphs are re-alleged as if fully stated herein.

27. Plaintiff CARROLL has a statutory right to apply for adjustment of her status to a permanent resident by filing Form I-485, Application for Adjustment of Status.

28. Defendants have a duty to adjudicate Plaintiff CARROLL's respective Forms within a reasonable period of time under 5 U.S.C. §555(b).

---

[4] See https://egov.uscis.gov/processing-times/historic-pt
[5] See https://egov.uscis.gov/processing-times/historic-pt

29. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

30. No other adequate remedy is available to Plaintiff.

31. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her respective Forms.

32. Given the Defendants' lack of a reason for not making a decision on Plaintiff CARROLL's respective Forms for over five years (over 60 months or 1851 days) since the filing of her Form I-360 Petition and Form I-485 Application, Plaintiff's respective Forms have been pending for an unreasonably long period of time.

33. Defendants have failed in their statutory duty to adjudicate Plaintiff CARROLL's respective Forms within a reasonable period of time.

34. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff CARROLL's respective Forms and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's respective cases.

35. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff CARROLL's respective Forms, thereby depriving Plaintiff of the rights to which she is entitled.

36. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Furthermore, Plaintiff CARROLL has been unable to receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as U.S. Citizens. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's respective Forms.

2. In the alternative, that the Court compels Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's respective Forms immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  November 7, 2025

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax:(312) 549-9981**
*Counsel for Plaintiff*